UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

V. JOHN BROOK, as Chapter 7
Trustee of the estate of ROBERT D.
CARDOSO JR. and MICHELLE A.
CARDOSO,

    Plaintiff,

v.

SUNCOAST SCHOOLS, FCU, a federal credit union,

    Defendant.
_____/

CASE NO.: _____
DIVISION: _____

JURY TRIAL DEMANDED

## COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES AND TELEPHONE CONSUMER PROTECTION ACT

**COMES NOW** Plaintiff, V. John Brook, the Chapter 7 Trustee of the bankruptcy estate of Robert D. Cardoso Jr. and Michelle A. Cardoso, by and through the undersigned law firm, and sues Defendant, Suncoast Schools, FCU, a federal credit union, and alleges as follows:

### PRELIMINARY STATEMENT

1. On or about June 29, 2010 (the "Petition Date"), the Debtors, Robert D. Cardoso Jr. and Michelle A. Cardoso, filed a petition under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"), currently pending in Bankruptcy Court.

2. Plaintiff brings this action pursuant to Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA") and 47 U.S.C. § 227 *et seq.*, and the Telephone Consumer Protection Act ("TCPA").

## JURISDICTION AND VENUE

3. The Court has jurisdiction and it is proper for this Court to hear this proceeding pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1334.

## PARTIES

4. Plaintiff, V. John Brook ("Plaintiff" or "Trustee") is the Chapter 7 Trustee of the bankruptcy estate of Robert D. Cardoso Jr. ("Mr. Cardoso") and Michelle A. Cardoso ("Mrs. Cardoso", collectively with Mr. Cardoso, the "Cardosos" or "Debtors"). Cardosos are natural persons resident in the City of Plant City, County of Hillsborough, State of Florida, and a "consumer," as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(2), and is a "person" as provided by 47 U.S.C. § 227(b)(1) and under Fla. Stat. § 559.72.

5. Defendant, Suncoast Schools, FCU, a federal credit union, together with its collecting agents ("Defendant" or "Suncoast"), doing business in the State of Florida, is a "creditor" as that term is defined by 15 U.S.C. § 1692a(4) and Fla. Stat. § 559.55(3), and is a "person" as provided by 47 U.S.C. § 227(b)(1) and under Fla. Stat. § 559.72.

6. All conduct of Defendant alleged herein by Plaintiff was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant, and/or knew in advance that the Defendant was likely to conduct itself and allowed it to so act with conscious disregard of the rights and safety of others. The conduct alleged herein was despicable, fraudulent, oppressive, and done knowingly with intent, with malice, and without cause.

7. The Defendant's communications set forth below were made only to exhaust the unpaying resisting Debtors' will in an attempt to break the Debtors and have Debtors pay amounts owed long after the Debtors was given all necessary information and persuasion and negotiation failed, as demonstrated by Debtors expressly communicating to the Defendant to stop calling Debtors.

8. The Defendant's communications set forth below are wholly without excuse.

9. At all times mentioned herein, the agent(s) or employee(s) of Defendant acted within the course and scope of such agency or employment, and acted with the consent, permission and authorization of Defendant. Each such entity acted as a co-actor in an enterprise to unlawfully attempt to collect debts from Debtors.

## FACTUAL ALLEGATIONS

10. Debtors are alleged to owe Defendant debts (the "Alleged Debt"), including without limitation, debts on Schedule F of the Debtors' bankruptcy schedules bearing the amount of $18,800.00 with unknown account number.

11. The Section 341 Meeting of the Creditors (the "341 Hearing") for the pending bankruptcy was held on August 2, 2010.

12. Defendant made multiple collection calls each day on multiple days in multiple weeks over multiple months from January 1, 2010 through April 30, 2010 (the "Collection Calls") to Debtors attempting to collect the Alleged Debt.

13. It was the substance of the testimony of the Debtors, <u>sworn</u> <u>and</u> <u>under</u> <u>oath</u> at the 341 Hearing, that:

    a) Defendant made Collection Calls to Debtors after 9:00 p.m. and before 8:00 a.m., specifically Collection Calls between 9:30 p.m. to 10:00 p.m. attempting to collect the Alleged Debt.

14. Upon further inquiry, after the 341 Hearing Debtors stated:

    a) Defendant made a Collection Call to Mrs. Cardoso's cell phone each day, five days each week, attempting to collect the Alleged Debt.

b) Defendant made two Collection Calls to Debtors' home phone each day, five days each week, attempting to collect the Alleged Debt.

c) Defendant made Collection Calls to Mrs. Cardoso's cell phone and Debtors' home phone after Debtors told Defendant to stop calling Debtor regarding the Alleged Debt.

d) Defendant made Collection Calls to Mrs. Cardoso's cell phone and Debtors' home phone after Debtors told Defendant that Debtors could not pay the Alleged Debt.

e) Debtors retained counsel, Charles Stohlman, in April 2010, to represent Debtors regarding the Alleged Debt.

f) Defendant made Collection Calls to Mrs. Cardoso's cell phone and Debtors' home phone after Debtors retained counsel, informed Defendant of retained counsel, and provided counsel's contact information.

g) Defendant made Collection Calls to Mr. Cardoso's mother, Margaret Cardoso, telling her that Defendant needed to contact the Debtors and asking for Debtors' contact information, even though Margaret Cardoso changed her phone number.

h) Defendant made Collection Calls to Debtors after 9:00 p.m. and before 8:00 a.m., specifically Collection Calls as early as 7:30 a.m. and as late as 10:00 p.m., using an automated system, attempting to collect the Alleged Debt.

15. Defendant (1) made multiple Collection Calls each day on multiple days in multiple weeks from January 1, 2010 through April 30, 2010, to Debtors attempting to collect the Alleged Debt; (2) made a Collection Call to Mrs. Cardoso's cell phone each day, five days each week, attempting to collect the Alleged Debt; (3) made two Collection Calls to Debtors' home phone each day, five days each week, attempting to collect the Alleged Debt; (4) made Collection Calls to Mrs. Cardoso's cell phone and Debtors' home phone after Debtors told Defendant to stop calling Debtor regarding the

Alleged Debt, for a total of more than fifty Collection Calls to Mrs. Cardoso's cell phone after Debtors told Defendant to stop calling Mrs. Cardoso's cell phone regarding the Alleged Debt; (5) made Collection Calls to Mrs. Cardoso's cell phone and Debtors' home phone after Debtors told Defendant that Debtors could not pay the Alleged Debt; (6) made Collection Calls to Mrs. Cardoso's cell phone and Debtors' home phone after Debtors retained counsel, Charles Stohlman, in April 2010, informed Defendant of retained counsel, and provided counsel's contact information; (7) made Collection Calls to Mr. Cardoso's mother, Margaret Cardoso, telling her that Defendant needed to contact the Debtors and asking for Debtors' contact information, even though Margaret Cardoso changed her phone number; and (8) made Collection Calls to Debtors after 9:00 p.m. and before 8:00 a.m., specifically Collection Calls as early as 7:30 a.m. and as late as 10:00 p.m., using an automated system, attempting to collect the Alleged Debt.

## COUNT I

## VIOLATION OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT, FLA. STAT. § 559.55 *et seq.* AS TO DEFENDANT SUNCOAST

16. This is an action against Defendant for violations of Fla. Stat. § 559.55 *et seq.*

17. Plaintiff realleges and incorporates paragraphs 1 through 15, as if fully set forth herein.

18. Defendant is engaged in the business of soliciting consumers for debts and collecting consumer debts and is, therefore, subject to Fla. Stat. §559.55 *et seq.*

19. Defendant communicated certain information to Debtors, as set forth in the above Factual Allegation paragraphs, which constitutes "communication," as defined by Fla. Stat. § 559.55(5).

20. Fla. Stat. § 559.72(7) provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

21. Defendant violated Fla. Stat. § 559.72(7) when Defendant (1) made multiple Collection Calls each day on multiple days in multiple weeks from January 1, 2010 through April 30, 2010, to Debtors attempting to collect the Alleged Debt; (2) made a Collection Call to Mrs. Cardoso's cell phone each day, five days each week, attempting to collect the Alleged Debt; (3) made two Collection Calls to Debtors' home phone each day, five days each week, attempting to collect the Alleged Debt; (4) made Collection Calls to Mrs. Cardoso's cell phone and Debtors' home phone after Debtors told Defendant to stop calling Debtor regarding the Alleged Debt, for a total of more than fifty Collection Calls to Mrs. Cardoso's cell phone after Debtors told Defendant to stop calling Mrs. Cardoso's cell phone regarding the Alleged Debt; (5) made Collection Calls to Mrs. Cardoso's cell phone and Debtors' home phone after Debtors told Defendant that Debtors could not pay the Alleged Debt; (6) made Collection Calls to Mrs. Cardoso's cell phone and Debtors' home phone after Debtors retained counsel, Charles Stohlman, in April 2010, informed Defendant of retained counsel, and provided counsel's contact information; (7) made Collection Calls to Mr. Cardoso's mother, Margaret Cardoso, telling her that Defendant needed to contact the Debtors and asking for Debtors' contact information, even though Margaret Cardoso changed her phone number; and (8) made Collection Calls to Debtors after 9:00 p.m. and before 8:00 a.m., specifically Collection Calls as early as 7:30 a.m. and as late as 10:00 p.m., using an automated system, attempting to collect the Alleged Debt; all of which is a willful communication with the Debtors or Debtors' family with such frequency that Defendant could reasonably expect such communication to harass Debtors or Debtors' family, or which is a willful engagement by Defendant in other conduct which could reasonably be expected to abuse or harass Debtors or Debtors' family.

22. Fla. Stat. § 559.72(9) provides, in pertinent part:

In collecting consumer debts, no person shall:

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.

23. Defendant violated Fla. Stat. § 559.72(9) when Defendant (1) made multiple Collection Calls each day on multiple days in multiple weeks from January 1, 2010 through April 30, 2010, to Debtors attempting to collect the Alleged Debt; (2) made a Collection Call to Mrs. Cardoso's cell phone each day, five days each week, attempting to collect the Alleged Debt; (3) made two Collection Calls to Debtors' home phone each day, five days each week, attempting to collect the Alleged Debt; (4) made Collection Calls to Mrs. Cardoso's cell phone and Debtors' home phone after Debtors told Defendant to stop calling Debtor regarding the Alleged Debt, for a total of more than fifty Collection Calls to Mrs. Cardoso's cell phone after Debtors told Defendant to stop calling Mrs. Cardoso's cell phone regarding the Alleged Debt; (5) made Collection Calls to Mrs. Cardoso's cell phone and Debtors' home phone after Debtors told Defendant that Debtors could not pay the Alleged Debt; (6) made Collection Calls to Mrs. Cardoso's cell phone and Debtors' home phone after Debtors retained counsel, Charles Stohlman, in April 2010, informed Defendant of retained counsel, and provided counsel's contact information; (7) made Collection Calls to Mr. Cardoso's mother, Margaret Cardoso, telling her that Defendant needed to contact the Debtors and asking for Debtors' contact information, even though Margaret Cardoso changed her phone number; and (8) made Collection Calls to Debtors after 9:00 p.m. and before 8:00 a.m., specifically Collection Calls as early as 7:30 a.m. and as late as 10:00 p.m., using an automated system, attempting to collect the Alleged Debt; all of which is an assertion of the existence of the legal right to attempt to collect the Alleged Debt by unfair and

deceptive practices, including violating the TCPA, which are rights Defendant knows do not exist, in violation of the FCCPA including Fla. Stat. § 559.72(9).

24. Fla. Stat. § 559.72(17) provides, in pertinent part:

In collecting consumer debts, no person shall:

(17) Communicate with the debtor between the hours of 9 p.m. and 8 a.m. in the debtor's time zone without the prior consent of the debtor...

   (a) The person may presume that the time a telephone call is received conforms to the local time zone assigned to the area code of the number called, unless the person reasonably believes that the debtor's telephone is located in a different time zone.
   (b) If, such as with toll-free numbers, an area code is not assigned to a specific geographic area, the person may presume that the time a telephone call is received confirms to the local time zone of the debtor's last known place of residence, unless the person reasonably believes that the debtor's telephone is located in a different time zone.

25. Defendant violated Fla. Stat. § 559.72(17) when Defendant (1) made multiple Collection Calls each day on multiple days in multiple weeks from January 1, 2010 through April 30, 2010, to Debtors attempting to collect the Alleged Debt; and (2) made Collection Calls to Debtors after 9:00 p.m. and before 8:00 a.m., specifically Collection Calls as early as 7:30 a.m. and as late as 10:00 p.m., using an automated system, attempting to collect the Alleged Debt; which are communications with Debtors between 9 p.m. and 8 a.m. without Debtors' prior consent.

26. Fla. Stat. § 559.72(18) provides, in pertinent part:

In collecting consumer debts, no person shall:

(18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

27. Fla. Stat. § 559.72(18) when Defendant (1) made multiple Collection Calls each day on multiple days in multiple weeks from January 1, 2010 through April 30, 2010, to Debtors attempting to

collect the Alleged Debt; and (2) made Collection Calls to Mrs. Cardoso's cell phone and Debtors' home phone after Debtors retained counsel, Charles Stohlman, in April 2010, informed Defendant of retained counsel, and provided counsel's contact information; which is a communication with Debtors by Defendant where Defendant knew Debtors were represented by an attorney as to the Alleged Debt and knew, or could readily ascertain, the attorney's name and address.

28. As a result of the above violations of the FCCPA, Debtors have been damaged including, but not limited to, mental anguish, despair, frustration, embarrassment, nervousness, anger, and loss of capacity to enjoy life and Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs pursuant to the FCCPA, Fla. Stat. § 559.77(2).

29. Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of the Defendant as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

30. All conditions precedent to this action have occurred, have been satisfied or have been waived.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against the Defendant finding that the Defendant violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary or appropriate.

## COUNT II

### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *et seq.* AS TO DEFENDANT SUNCOAST

31. This is an action against Defendant for violations of 47 U.S.C. § 227 *et seq*.

32. Plaintiff realleges and reincorporates paragraphs 1 through 15 as if fully set forth herein.

33. Defendant, in the conduct of its business, uses an automatic telephone dialing system as defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Debtor.

34. Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States --

(A) to make any call using any automatic telephone system or an artificial or prerecorded voice --

    (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

35. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) when Defendant (1) made multiple Collection Calls each day on multiple days in multiple weeks from January 1, 2010 through April 30, 2010, to Debtors attempting to collect the Alleged Debt; (2) made a Collection Call to Mrs. Cardoso's cell phone each day, five days each week, attempting to collect the Alleged Debt; (3) made Collection Calls to Mrs. Cardoso's cell phone and Debtors' home phone after Debtors told Defendant to stop calling Debtor regarding the Alleged Debt, for a total of more than fifty Collection Calls to Mrs. Cardoso's cell phone after Debtors told Defendant to stop calling Mrs. Cardoso's cell phone regarding the Alleged Debt; (4) made Collection Calls to Mrs. Cardoso's cell phone and Debtors' home phone after Debtors told Defendant that Debtors could not pay the Alleged Debt; and (5) made Collection Calls to Mrs. Cardoso's cell phone and Debtors' home phone after Debtors retained counsel, Charles Stohlman, in April 2010, informed Defendant of retained counsel, and provided counsel's contact information; which is Defendant's use of an automatic telephone dialing system to make multiple Collection Calls to Debtor on Debtors' personal cell phone after Debtors told Defendant that Defendant did not have permission to call Debtors.

36. Defendant willfully, knowingly, and intentionally made multiple Collection Calls to Debtors' personal cell phone utilizing an automatic telephone dialing system after Debtors told Defendant that Defendant did not have permission to call Debtors.

37. All conditions precedent to this action have occurred, have been satisfied or have been waived.

38. As a result of the above violation of the TCPA, Defendant is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

39. Based upon the willful, knowingly, and intentional conduct of the Defendant as described herein, Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against the Defendant: (1) finding Defendant violated the TCPA; (2) awarding Plaintiff actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding Defendant willfully, knowingly and intentionally violated 47 U.S.C. § 227 *et seq.* and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7 and Fed. R. Civ. P. 38.

Dated: June 28, 2012

Respectfully Submitted,

**LASH & WILCOX PL**
4401 W. Kennedy Blvd., Suite 210
Tampa, FL 33609
Phone: (813) 289-3200
Facsimile: (813) 289-3250

**THOMAS A. LASH, ESQ.**
Florida Bar No. 849944
e-mail: tlash@lashandwilcox.com
Attorney for the Trustee