UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:12-cv-01428-T-33MAP

V. JOHN BROOK, as Chapter 7 Trustee
of the estate of ROBERT D. CARDOSO, JR.
and MICHELLE A.CARDOSO

      Plaintiff,

v.

SUNCOAST SCHOOLS FCU, a federal
credit union,

      Defendant.

_____/

## MOTION TO DISMISS FOR FAILURE TO STATE A CAUSE OF ACTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6), MOTION TO STRIKE, OR ALTERNATIVELY, MOTION FOR MORE DEFINITE STATEMENT

Defendant, SUNCOAST SCHOOLS FEDERAL CREDIT UNION (hereinafter referred to as "Suncoast"), by and through undersigned counsel files this its Motion to Dismiss Plaintiff's Complaint filed by V. John Brook, as Chapter 7 Trustee of the Estate of Robert D. Cardoso, Jr. and Michelle A. Cardoso, for failure to state a cause of action pursuant to Fed. R. Civ. Pro. 12(b)(6), its Motion to Strike, or Alternatively its Motion For More Definite Statement and, in support thereof, states as follows:

### BACKGROUND AND COMPLAINT

1.    On or about June 29, 2010, the Debtors, Robert D. Cardoso, Jr. and Michelle A. Cardoso, (the "Debtors") filed a Petition under Chapter 7 of Title 11 of the United States Bankruptcy Code.

2.    Defendant, Suncoast Schools FCU, is a creditor of the Debtors, Robert D. Cardoso, Jr. and Michelle A. Cardoso.  The Plaintiff, V. John Brook is the Trustee of the bankruptcy

Estate of Robert D. Cardoso, Jr. and Michelle A. Cardoso, which was filed in the U.S. Bankruptcy Court, Middle District of Florida, Tampa Division, Case No.: 10-bk-15653-CPM.

3.    In their Chapter 7 bankruptcy schedules, the Debtors listed the debt due and owing to the Defendant, Suncoast Schools FCU, on Schedule F as a creditor holding an unsecured non-priority claim in the amount of $18,800.00.   The Debtors did not indicate that the claim was contingent, unliquidated or disputed within their Schedules.

4.    On or about January 24, 2012, the Plaintiff filed an adversary proceeding against the Defendant in the U.S. Bankruptcy Court, Middle District of Florida, Tampa Division, Case No.: 12-ap-00055-CPM.   In the adversary proceeding, the Plaintiff filed a one count Complaint seeking damages for alleged violations of the Florida Consumer Collection Practices Act, Florida Statutes §559.55 *et seq*.   Specifically, the Plaintiff alleged that Suncoast violated the provisions of Florida Statutes §§ 559.72(7), 559.72(9), and 559.72(17).   The allegations set forth in the Plaintiff's Adversary Proceeding have been alleged virtually verbatim in Count I of the Complaint presently before this Court.

5.    In response to the Adversary Complaint the Defendant, Suncoast, filed a Motion to Dismiss or in the Alternative To Abstain or in the Alternative Motion to Strike Request for Punitive Damages.   The Defendant's Motion to Abstain was granted and the Adversary Proceeding was administratively closed on or about June 18, 2012.

6.    Thereafter, Plaintiff filed a two count Complaint in this Court on or about June 28, 2012, alleging in Count I violations by Suncoast of §§ 559.72(7), 559.72(9), 559.72(17) and 559.72(18) of the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55, *et seq*., requesting relief through Florida Statute § 559.77(2); and alleging in Count II violations of 47 U.S.C. § 227 *et. seq*., the Telephone Consumer Protection Act ("TCPA") [D.E. 1].

7.   The factual allegations supporting the Plaintiff's Complaint are generally set forth in paragraphs 12 through 15; the crux of Plaintiff's allegations are that the Defendant, Suncoast, made "multiple collection calls each day on multiple days in multiple weeks over multiple months from January 1, 2010 through April 30, 2010."

8.   Plaintiff alleges in paragraphs 20 and 21 of Count I violations under Florida Statutes § 559.72(7) which provides, in pertinent part, in collecting consumer debts no person shall:

> (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

9.   Plaintiff alleges in paragraphs 22 and 23 of Count I violations under Florida Statute § 559.77(9), which provides, in pertinent part, in collecting consumer debts, no person shall:

> (9) Claim, attempt, or threaten to enforce a debt when such a person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.

10.   Plaintiff alleges in paragraphs 24 and 25 of Count I violations under Florida Statute § 559.77(17), which provides, in pertinent part, in collecting consumer debts, no person shall:

> (17)  Communicate with the debtor between the hours of 9 p.m. and 8 a.m. in the debtor's time zone without prior consent of the debtor…
>
> > (a) The person may presume that the time a telephone call is received conforms to the local time zone assigned to the area code of the number called, unless the person reasonably believes that the debtor's telephone is located in a different time zone.
> > (b) If, such as with toll-free numbers, an area code is not assigned to a specific geographic area, the person may presume that the time a telephone call is received conforms to the local time zone of the debtor's last known place of residence, unless the person reasonably believes that the debtor's telephone is located in a different time zone.

11.   Plaintiff alleges in paragraphs 26 and 27 of Count I violations under Florida Statute § 559.77(18), which provides, in pertinent part, in collecting consumer debts, no person shall:

> (18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

12.   Finally, based on the same general factual allegations, Plaintiff alleges in paragraphs 34 and 35 of Count II violations under 47 U.S.C. § 227(b)(1)(A)(iii), which provides, in pertinent part, that it is unlawful for any person within the United States -

> (A)  to make any call using an automated telephone system or an artificial or prerecorded voice --
>
> (iii)  to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

## ARGUMENT AND MEMORANDUM OF LAW

### A.  Motion to Dismiss

### I.  Florida Consumer Collections Practices Act ("FCCPA")

13.   The Complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) because it fails to state a cause of action by meeting the pleadings standard of Fed.R.Civ.P. 8(a)(2) which requires a complaint to contain " a short and plain statement . . . showing that the pleader is entitled to relief[.]"  To satisfy Rule 8(a), a complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."  *See,* Ashcroft v. Iqbal, 129  S. Ct. 1937, 1949-50 (2009).  Proper pleading demands "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *See,* Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citation and quotation omitted).  The Supreme Court in Iqbal described a two pronged approach Courts must take in considering a Motion to Dismiss, Id. at

1950. First, Courts should disregard the allegations that are merely legal conclusions which are not entitled to the assumption of truth. Id.   Second, it should identify the well-pleaded factual allegations, assume the truth from this and determine whether they plausibly state a claim for which relief may be granted. Id.   Further, Courts may apply common sense and experience to evaluate whether the facts pled give rise to a plausible claim for relief.  Iqbal, 129 S. Ct. 1949-50.  Moreover, a formulaic recitation of the elements of a cause of action because of the conclusory nature are not entitled to a presumption of truth. Id.  Finally, the determination of whether allegations set forth a plausible claim for relief "requires the reviewing court to draw on its judicial experience and common sense," but "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown, that the pleader is entitled to relief. Iqbal, 129 S. Ct. 1950.  "The plausibility standard is not akin to 'probability requirement' but it asks for more than the sheer possibility that the defendant has acted unlawfully." Iqbal, 129 S. Ct. 1949 (quoting Twombley, 550 U.S. at 556).

14.   In order to plead a claim under the FCCPA, a party must first allege that a "legal right that did exist was asserted" against that party by the purported debt collector.  Pollock v. Bay Area Credit Service, LLC, 2009 WL 2475167, at *9 (S.D. Fla. Aug. 13, 2009).  Further, a party must then identify "knowledge or intent by the debt collectors in order to state a cause of action." Reese v. JP Morgan Chase & Co., 686 F.Supp 2d 1291, 1309 (S.D. Fla. 2009) (citing Kaplan v. Assetcare, Inc., 88 F.Supp 2d 1355, 1363 (S.D. Fla. 2000).  In attempting to state a claim under the FCCPA, simply pleading that a defendant had knowledge is not enough. Id.  "Under Florida law, 'the use of the word 'knows' requires actual knowledge of the impropriety or overreach of a claim.'" Id. at 1310 (citations omitted).  Moreover, the Court in Reese explained that the plaintiff failed to plead facts that the defendant had knowledge that it was pursuing a debt that it was not legally entitled to do so. Id.  The Reese Court further detailed that

there were no allegations identifying the threatened adverse actions the defendant would take if the debt was not satisfied. Id. *See also,* Bentley v. Bank of America, N.A., 773 F.Supp 2d. 1367 (S.D. Fla. 2011) (claim under FCCPA not properly stated absent specific factual allegations showing knowledge or intent as to each person who called.).

15.   Paragraph 21 of Plaintiff's Complaint sets forth facts which the Plaintiff contends violated Florida Statute § 559.72(7).  Although a lengthy paragraph setting forth alleged facts in support of its claim for violation of Florida Statute § 559.72(7), the paragraph fails to state any facts with the required specificity of the Reese standard.  Specifically, in paragraph 21(1) the Trustee alleges ". . . Defendant made multiple Collection Calls each day on multiple days in multiple weeks from January 1, 2010 through April 30, 2010 to Debtors attempting to collect the Alleged Debt."  Although there are other numerous allegations in paragraph 21, the Plaintiff does not list with any specificity the date on which any of the alleged violations is said to have occurred, the precise time in which the calls were allegedly made to the Debtors, or to Robert D. Cardoso, Jr.'s mother, Margaret Cardoso, the substance of any calls or how the calls were harassing.  The Plaintiff's claim of a violation by the Defendant of Florida Statute § 559.72(7) and the facts alleged to support therein fail to meet the standard of specificity required to state a claim for violation of FCCPA as set forth in Reese and further does not raise a right to relief above a speculative level as per the Twombly standard.

16.   In paragraph 23 the Plaintiff alleges that Defendant, Suncoast, violated Florida Statute § 559.72(9) by making many of the same allegations that Plaintiff alleged in paragraph 21 to support its allegation that Suncoast violated Florida Statute § 559.72(7).  The argument set forth above relating to the Plantiff's pleading deficiencies in failing to state a claim for a violation of Florida Statute § 559.72(7) are equally applicable to the Plaintiff's allegation that the Defendant, Suncoast, violated Florida Statute § 559.72(9).

17. Further, the Plaintiff's attempt to use allegations which it claims support a violation of Florida Statute § 559.72(7) to support its allegations that Defendant, Suncoast, violated Florida Statute § 559.72(9) is clearly inapplicable as violations under two distinct sections of the Statute seemingly require different actions by an alleged violator. Florida Statute § 559.72(7) relates to violations based on the frequency of contact that a person has in its efforts to collect a debt, whereas Florida Statute § 559.72(9) relates to violations based on a person attempting to collect a consumer debt that is not legitimate, or when that person asserts the existence of some other legal right when such person knows that that right does not exist. The Plaintiff makes a leap in logic in that it asserts that the factual allegations relating to the alleged frequency and the harassing nature of the calls under Florida Statute § 559.72(7) are tantamount or equal to an attempt to collect an alleged debt that is not legitimate, or an assertion of a legal right which the Defendant knows not to exist. Plaintiff fails to state a claim under the first prong of Florida Statute § 559.72(9) as the Debtors, through which the Trustee's claim flows, admitted the legitimacy of the debt owed to the Defendant, Suncoast, by listing Suncoast as an unsecured creditor on Schedule F in the amount of $18,800.00 and by failing to dispute the debt within its schedules. Thus, any claim by the Plaintiff that the Defendant, Suncoast, attempted to collect a debt that is not legitimate is contradicted by the admission of the Debtors under oath in their Chapter 7 Bankruptcy Petition.

18. Moreover, the Plaintiff is attempting to create a theory of liability under the second prong of Florida Statute § 559.72(9) on a standard which is not part of the Statute by alleging that the actions on the part of Suncoast to collect a debt "by unfair and deceptive practices, including violating the TCPA . . . are rights Defendant knows do not exist." Plaintiff attempts to create a *"per se"* violation of Florida Statute § 559.72(9) based upon an alleged violation of the TCPA, as such the allegation is insufficient to sustain a claim under Florida Statute § 559.72(9).

7

See, Ortiz v. Accounts Receivable Management, Inc., 2010 WL 547910 (S.D. Fla. Feb, 12, 2010). Finally, the claim fails as there is no specific factual allegation that the Defendant ever "asserted to the Debtors the existence of some legal right that did not exist," as is required under the Statute. *See,* Bentley v. Bank of America, N.A., 773 F.Supp 2d 1367 (S.D. Fla. 2011).

19.    The Plaintiff in Count I also alleges that Defendant, Suncoast, violated Florida Statute § 559.72(17) relating to a communications with the debtor between the hours of 9 p.m. and 8 a.m. in the debtor's time zone.  However, the Plaintiff fails to meet the standards set forth in Reese and in Twombly in that the Plaintiff fails to allege with specificity any facts which would support the alleged violations of Florida Statute § 559.72(17).  In fact, in paragraph 25 the Plaintiff in support of its claim that Suncoast violated Florida Statute § 559.72(17) alleges that the Defendant "made multiple Collection Calls each day on multiple days in multiple weeks from January 1, 2010 through April 30, 2010," however, this factual allegation is clearly void of any specific fact that there was a communication between Suncoast and the Debtors violative of the timing restrictions within Florida Statute § 559.72(17).

20.    The Plaintiff's second allegation in support of its claim that Suncoast violated Florida Statute § 559.72(17) is that the Defendant made ". . . Collection Calls as early as 7:30 a.m. and as late as 10:00 p.m. using an automated system…"  This allegation is clearly insufficient under the Reese standard as it lacks any factual specificity, especially in light of the previous allegation that collection calls were made on multiple days in multiple weeks from January 1, 2010 through April 30, 2010.  That is, the Plaintiff by making the allegation that multiple collection calls were made on multiple days in multiple months from January 1, 2010 through April 30, 2010, should then be made to allege with specificity precise dates and times when the multiple calls on multiple days in multiple months calls were allegedly made in violation of Florida Statute § 559.72(17).

21.    Finally, in Count I the Plaintiff alleges that Suncoast violated Florida Statute § 559.72(18) by allegedly communicating with the Debtors when the Debtors were represented by an attorney with respect to the debt by setting forth allegations in paragraph 27 that the Defendant (i) made multiple Collection Calls each day on multiple days in multiple months from January 1, 2010 through April 30, 2010; and (ii) made Collection Calls to Mrs. Cardoso's cell phone and Debtors' home phone after Debtors retained counsel, Charles Stohlman, in April, 2010 and informed Defendant of retained counsel.   However, the Plaintiff's allegations in support of the allegation that Suncoast violated Florida Statute § 559.72(18) fails to meet either the <u>Reese</u> or <u>Iqbal</u> standards in that the allegations lack specificity and detail.   The allegations are simply that Suncoast allegedly contacted Mrs. Cardoso after the Debtors obtained counsel in April 2010, but fail to specifically allege when the Debtors informed Suncoast that counsel had been retained and when Debtors provided counsel's contact information. Moreover, the Complaint fails to provide any factual details of when calls were specifically made to the Debtors by the Defendant subsequent to Suncoast allegedly being provided with the contact information of Charles Stohlman.

## II.  Telephone Consumer Protection Act ("TCPA")

22.    By way of background, Congress has charged the FCC with rule-making authority under the TCPA.   47 U.S.C. § 227(b)(2). Based on this authority, the FCC in a 1992 Report and Order stated that "persons who knowingly release their phone numbers have in effect given the invitation or permission to be called at the number which they have given, absent instructions to the contrary."   In the Matter Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order, 7 FCC Rcd. 8752, 8769 (Oct. 16, 1992) ("1992 Report and Order").

23.    In 2008, in response to a petition filed in 2005 by ACA International, the FCC issued a declaratory ruling, cited at 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.), where the FCC clarified that:

> "autodialed and prerecorded message calls to wireless numbers that are provided by the called party to a creditor <u>in connection with an existing debt</u> are permissible as calls made with the *"prior express content"* of the called party."

24.    In its 2008 Ruling, the FCC stated that because we find that autodialed and prerecorded message calls to wireless numbers provided by the called party in connection with an existing debt are made with the "prior express consent" of the called party, we clarify that such calls are permissible. <u>Id.</u> at *3.

25.    The FCC concluded that the provision of a cell phone number to a creditor, e.g. as part of a credit application, reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt.  The FCC noted that in its previous *1992 TCPA Order*, that it determined that "persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have provided, absent instructions to the contrary." <u>Id.</u>  *See also,* <u>Meadows v. Franklin Collection Service, Inc.,</u> 414 Fed.Appx. 230, 234  (11th Circuit 2011) ("the FCC has clarified that all debt collection circumstances involve a prior or existing business relationship" outside of the TCPA); *See also,* <u>Gager v. Dell Financial Services, LLC,</u> 2012 WL 1942079 (M.D. Pa. May 29, 2012) (the court held that the FCC has "unequivocally stated that calls solely for the purpose of debt collection are not telephone solicitations and do not constitute telemarketing" and "calls regarding debt collection. . . are not subject to the TCPA's separate restrictions on telephone solicitations, *citing* <u>Meadows v. Franklin Collection Services, Inc.</u> 414F.Appx. 230, 236 (11th Circuit 2011).

26.   Based on the allegations within the Plaintiff's Complaint that Suncoast allegedly violated the TCPA, it is abundantly clear that any calls allegedly made by Suncoast to the Debtors were made in connection with an existing debt.  Moreover, the fact that there was an existing debt was admitted by the Debtors having, under oath, listed the debt to Suncoast in its Chapter 7 Bankruptcy Petition and Schedules.  Thus, the Plaintiff through its very pleadings has alleged an exception to the general statute and has therefore defeated its very claim under TCPA.

27.   Plaintiff's factual allegations that Suncoast violated § 47 U.S.C. 227(b)(1)(A)(iii) are generally the same allegations that the Plaintiff used to support all of its other claims and are factually deficient to support its claim in Count II.  Specifically, to violate § 47 U.S.C 227(b)(1)(A)(iii) the call must be made using an automatic telephone system or artificial prerecorded voice, however, the allegations in paragraph 35(1)-(5) fail to allege that any of the calls were made by Suncoast using an automated telephone system or an artificial prerecorded voice, thus, a condition of violating the statute has not been alleged by the Plaintiff, thereby resulting in Plaintiff failing to state a cause of action.

28.   The Plaintiff attempts to salvage this pleading deficiency in paragraph 36 of its Complaint by alleging that Suncoast ". . . made multiple Collection Calls to the Debtors' personal cell phone using an automatic telephone dialing system after the Debtors advised Suncoast it did not have permission to call the Debtors."  However, the allegations in paragraph 36 of Plaintiff's Complaint are deficient in that they fail to allege when the Debtors allegedly advised Suncoast they did not have permission to call the Debtors and fails to allege how the Debtors advised Suncoast it did not have permission to call the Debtors.  Case law has held that revocation of a debtors consent to be contacted on a cellular number under TCPA must be made in writing and delivered to the creditor.  Starkey v. Firstsource Advantage, LLC, 2010 WL 2541756, *6 (W.D. N.Y. Mar. 11, 2010) ("[t]o cease debt collection calls [under the FCCPA and

TCPA] written notice is required.")  *See also, Osorio v. State Farm Bank F.S.B.*, 2012 WL 1671780 (S.D. Fla. May, 2010) (holding that a Plaintiff's verbal revocation is insufficient as a matter of law to revoke Plaintiff's prior express consent).

## B. Motion to Strike

29.   In the event that Plaintiff's Complaint is not dismissed, or if the Plaintiff does not need to replead its Complaint with more definitness, then Defendant, Suncoast, respectfully requests that the Plaintiff's Complaint for punitive damages in Count I be stricken as the claim for punitive damages under Florida Statute § 559.72(2) is premature.

30.   Specifically, Florida Statute § 768.72 constitutes the law of Florida for the ability to plead a claim for punitive damages in all civil actions, Florida Statute § 768.72(1) prohibits any claim for punitive damages:

> unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages.

Accordingly, the plain language of Florida Statute § 768.72(1) applies in any civil action. Moreover, because Florida Statute § 768.72 abrogates Florida common law it must be strictly construed, *See, Daniels v. Florida Dept. of Health*, 898 So.2d 61 (Fla. 2005).

31.   Further, in *In re: Johnson*, 53 B.R. 433, 438 (Bankr. M. D. Fla. 2011), Judge Williamson concluded that the Chapter 7 Trustee was required under Florida Statute § 768.72 to demonstrate a reasonable basis for punitive damages based on the evidence in the record or evidence proffered by the Trustee in order to state a cause of action and claim for punitive damages under Florida Consumer Collections Practices Act.  Accordingly, Plaintiff's claim for punitive damages should be stricken unless and until such time as the Trustee demonstrates a reasonable basis for punitive damages based on evidence in the record or evidence proffered by the Trustee.

## C. Motion for More Definite Statement

32.   To the extent this Court determines that one or both of the claims should not be dismissed, at the very least Plaintiff should be required to more definitely state its claims.  Rule 12(e) states, in pertinent part, that a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.  The motion must . . . point out the defects complained of and the details desired."  See, generally Davis v. Coca-Cola Bottling, 516 F.3d 955, 983-984 (11th Cir. 2008),  In this case, due to Plaintiff's vague allegations and sparse detailed facts, this Court should require additional information and clarifications so that Suncoast can respond to Plaintiff's Complaint.

**WHEREFORE,** Defendant, Suncoast Schools FCU, respectfully requests this Honorable Court (i) dismiss the Complaint filed by the Plaintiff and (ii) strike Plaintiff's claim for punitive damages, or alternatively require Plaintiff to more definitely state its claims, and grant such further relief as this Court may deem just and proper.

Dated this 17th day of August, 2012.

Respectfully submitted,

**LUKS, SANTANIELLO,
PETRILLO & JONES**
Counsel for Defendant
110 S.E. 6th Street, 20th Floor
Fort Lauderdale, FL 33301
Telephone:  954/766-9900
Facsimile:  954/766-9940
E-Mail: MKrause@LS-Law.com


**MATTHEW G. KRAUSE, ESQ.**
Florida Bar No. 844225

13