## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

V. JOHN BROOK, as Chapter 7
Trustee of the estate of ROBERT D.
CARDOSO JR. and MICHELLE A.
CARDOSO,

       **Plaintiff,**

v.                                  **CASE NO.: 8:12-cv-01428-VMC-MAP**

SUNCOAST SCHOOLS, FCU, a federal
credit union,

       **Defendant.**

_____/

**PLAINTIFF V. JOHN BROOK'S, AS CHAPTER 7 TRUSTEE OF THE ESTATE OF
ROBERT D. CARDOSO JR. AND MICHELLE A. CARDOSO, RESPONSE TO
DEFENDANT SUNCOAST SCHOOLS, FCU'S, MOTION TO DISMISS, MOTION TO
STRIKE, OR IN THE ALTERNATIVE
MOTION FOR MORE DEFINITE STATEMENT**

Plaintiff V. John Brook, the Chapter 7 Trustee of the bankruptcy estate of Robert D.

Cardoso Jr. and Michelle A. Cardoso, by and through undersigned counsel, hereby responds to

Defendant Suncoast Schools, FCU's, a federal credit union, ("Defendant") Motion to Dismiss,

Motion to Strike or in the Alternative Motion for More Definite Statement (the "Motion to

Dismiss") (Doc. 5), and in support states as follows:

## I.    INTRODUCTION

Defendant's Motion to Dismiss should be denied because: (1) Plaintiff's complaint contains sufficient facts under the Florida Consumer Collection Practices Act (the "FCCPA"), Fla. Stat. § 559.72(7), (9), (17), and (18); (2) the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"), does not exempt debt collection calls to cell phones; (3) prior express consent is an affirmative defense under the TCPA and prior express consent may be revoked orally and need not be in writing under the TCPA; and (4) Plaintiff's claims for punitive damage should not be stricken under binding Eleventh Circuit case law.

## II.    PROCEDURAL HISTORY

On or about June 29, 2010 (the "Petition Date"), the Debtors, Robert D. Cardoso Jr. and Michelle A. Cardoso, filed a petition under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"), currently pending before the bankruptcy court. *See* Bankr. Case No. 8:10-bk-15653-CPM, Doc. 1. On June 28, 2012, the Trustee filed the Complaint in this matter against Defendant. Doc. 1. On August 17, 2012, Defendant submitted its Motion to Dismiss. Doc. 5. Plaintiff herein responds to that Motion to Dismiss.[1]

## III.    ARGUMENT

### 1.    Plaintiff's complaint contains sufficient facts under Fla. Stat. § 559.72(7), (9), (17), and (18)

Defendant argues that Plaintiff's complaint fails to state a cause of action under Fla. Stat. § 559.72(7), (9), (17), and (18), because Plaintiff's complaint does not allege spefi which the violations occurred. Defendant also argues that Plaintiff's complaint fails to provide facts which demonstrate that Defendant knowingly acted in an improper manner. Doc. 5, ¶14 - ¶21.

---

[1] Plaintiff hereby incorporates the Complaint (Doc. 1) by reference.

However, Defendant's arguments fail to acknowledge that Plaintiff's complaint identifies the dates, times, and the collateral victim of the Defendant's violations. Doc. 1, ¶ 15.

A.   Motion to Dismiss Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the allegations must be plausible and sufficient to raise a right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). However, "a short plain statement of the claim is all that is required . . . . " *Id.* Moreover, while a sufficient complaint requires "'more than an unadorned, the defendant-unlawfully-harmed-me accusations," it does not require "detailed factual allegations." *Ashcroft v. Iqbal*, No.: 07-1015, ___ U.S. ___, 129 S. Ct. 1937, 1950 (May 18, 2009).

A complaint "must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). A complaint "should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations." *Id.*; *see also Kindred Hosp. E., LLC. v. PH0110552 Contractors & Merchants*, No. 09-60697-CIV, 2009 WL 2611944 (S.D. Fla. Aug. 24, 2009).

B.   Fla. Stat. § 559.72(7)

Defendant argues Plaintiff's complaint "fails to state any facts with specificity." Doc. 5, ¶ 15. However, Plaintiff's complaint not only identifies the time period of Defendant's debt collection efforts but also the specific family member who was harassed as a consequence of Defendant's conduct and the substance of Defendant's communications.

In *Mullins v. I.C. System, Inc.*, No. 07-cv-00397-RPM-PAC, 2007 WL 1795871, at *1 (D. Col. June 21, 2007), the plaintiffs' complaint alleged that violative collection calls occurred

"March 2006 through February 2007." *Id.* at *2. The defendant argued that the complaint was factually deficient and moved for a more definite statement. The defendant relied on Federal Rule of Civil Procedure 9(f), which states that "An allegation of time or place is material when testing the sufficiency of a pleading." The court rejected that argument, holding that the "heightened pleading requirements" of Rule 9(f) do not apply in FDCPA cases. *Id.* The *Mullins* court held that **"Plaintiffs are not required to identify the specific date and time that each telephone call occurred. That information is likely contained in the defendant's own records or can be fleshed out during discovery."** *Id.* The court denied the defendant's motion for more definite statement.

Here Plaintiff's complaint alleges that Defendant violated the FCCPA, specifically Fla. Stat. § 559.72(7), which states in pertinent parts, that in collecting consumer debts, no person shall, "willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor *or any member of her or his family.*" (Emphasis added). Plaintiff has identified that from January 1, 2010 through April 30, 2010, Debtor's family member, Mr. Cardoso's mother, was the collateral victim of Defendant's indirect debt collection efforts receiving multiple telephone calls from Defendant telling Mr. Cardoso's mother that Defendant was looking for Debtors for debt collection and needed to find the Debtors. Doc. 1, ¶ 15.

Plaintiff has pled all facts necessary to fulfill the elements of the violations of the FCCPA, as alleged. Thus, Plaintiff's complaint states a cause of action under Fla. Stat. § 559.72(7), therefore, Defendant's Motion to Dismiss should be denied.

C.    Fla. Stat. § 559.72(9)

Defendant next argues that Plaintiff's complaint does not allege facts to support a claim the Defendant knowingly acted in an improper manner. Doc. 15, ¶ 14. Defendant only cites one inapplicable case. *See Reese v. JPMorgan Chase & Co., et al.*, 686 F. Supp. 2d 1291 (S.D. Fla. 2009).

Subsection (9) of the FCCPA has two subparts.  As the court explained in Trent v. Mortgage Elec. Registration Sys., Inc., 618 F.Supp.2d 1356, 1362 (M.D. Fla. 2007), "Because § 559.72(9) reads in the disjunctive, there are two ways for a debt collector . . . to violate it.  The debt collector can (1) '[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate;' *or* (2) 'assert the existence of some other legal right when such person knows that the right does not exist.'" (emphasis in original).

The court in *Reese* was analyzing only the ***first*** clause of Fla. Stat. § 559.72(9).  Unlike *Reese*, Plaintiff alleges here that Defendant's conduct violated the ***second*** clause of Fla. Stat. § 559.72(9) by asserting the legal right to collect a debt through unfair and deceptive practices, in violation of the Florida Deceptive and Unfair Trade Practices Act (the "FDUTPA"), Fla. Stat. § 501.201 *et seq.*, and the TCPA. Doc. 1, ¶ 23.  Thus, *Reese* is inapplicable.

A plaintiff alleging a violation of Fla. Stat. §559.72(9) must look to "other statutes" to define legal rights. *See Gaalswyk-Knetzke v. Receivable Mgmt. Svcs. Corp.*, No. 8:08-cv-493-T-26-TGW, 2008 WL 2224833, at * 3 (M.D. Fla. May 27, 2008).  In *Gaalswyk-Knetzke,* a debt collector was alleged to violate the FCCPA, Fla. Stat. § 559.72(9), by requiring debtors to determine legal conclusions on their own, including whether a collection letter was the "first written notice" and whether it was a "consumer debt." *Id.* at *1.  The plaintiff in that case asserted in the complaint that the debt collector "knew or should have known that no such

obligation for Plaintiff to make these determinations existed and that instead, these obligations belonged to [the debt collector], not Plaintiff." *See* Case No.8:08-cv-00493-RAL-TGW, Doc. 1, pg. 10-11. The Court held that the plaintiff sufficiently stated a claim under Fla. Stat. 559.72(9) because, "to determin[e] what constitutes a misrepresentation of a legal right under section 559.72(9), the court 'must refer to other statutes that establish the legitimacy of a debt and define legal rights.'" *Id.* at *3 (internal citations omitted).

Here, FDUTPA and the TCPA is just such statutes. *See Cliff v. Payco General American Credits, Inc.*, 363 F.3d 1113, 1126 (11th Cir. 2004) (analyzing defendant's assertion of a legal right to garnish wages under the Higher Education Act, 20 U.S.C. § 1001, *et seq*.) FDUTPA forbids "unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.204. "An unfair practice is one that offends established public policy and one that is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *E-Z Pack Mfg., LLC v. RDK Truck Sales & services, Inc.*, No. 8:10-CV-1870-T-27AEP, 2011 WL 4343790, at *7 (M.D. Fla. Aug. 10, 2011).

Further, in *N. Star Capital Acquisitions, LLC v. Krig*, 611 F. Supp. 2d 1324, 1338 (M.D. Fla. 2009), the Court rejected the debt collector's argument on summary judgment that "actions taken pursuant to a debt collection proceeding cannot constitute an unlawful act or practice 'in the conduct of any trade or commerce.'," in violation of FDUTPA. The Court, in *Krig*, relied on the reasoning of *Losure v. Capital One Svcs, Inc.*, No. 2:05-cv-502-FTM-29-SPC, 2006 WL 166520, at *3 (M.D. Fla. Jan. 23, 2006). In *Losure*, the Court found that the plaintiff had adequately stated a FDUTPA claim against a debt collector, NCO, where the plaintiff "alleged that NCO, with the knowledge that the debt was satisfied, attempted to collect the debt by

willfully harassing him at home and at his place of employment thought letters and telephone calls." *Id.*

Here Plaintiff's complaint alleges that Defendant's conduct was "an assertion of the existence of the legal right to attempt to collect the Alleged Debt by **unfair and deceptive practices**, which are rights Defendant knows do not exist." Doc. 1, ¶ 23. (emphasis added). It was "unfair" for Defendant to attempt to collect the Alleged Debt through multiple telephone calls to Mr. Cardoso's mother and telephone calls to the Debtors after 9:00 p.m. and before 8:00 a.m. By engaging in that unfair conduct, Defendant asserted the right to violate FDUTPA, in violation of Fla. Stat. §559.72(9).

Moreover, Defendant's conduct of continuing to make collection calls using an automated telephone dialing systems to Mrs. Cardoso's cell phone after she told Defendant to stop calling her cell phone is conduct that asserted the right to violate the TCPA. To put it simply, if conduct would violate another statute besides the FCCPA, then engaging in that conduct is the assertion of the right to violate that other statute, and therefore violates Fla. Stat. § 559.72(9). Thus Defendant's Motion to Dismiss should be denied.

D.  Fla. Stat. § 559.72(17)

Defendant then argues that "[the] factual allegations clearly void of any specific fact that there was communication between Suncoast and Debtors violative of the timing restrictions within Florida Statute § 559.72(17)." Doc. 5, ¶ 19. However, Plaintiff has pled all facts necessary to fulfill the elements of the violations of the FCCPA, as alleged. Plaintiff's complaint alleges the time period of the alleged violations as January 1, 2010 through April 30, 2010, specifically collection calls as early as 7:30 a.m. and as late as 10:00 p.m. Doc. 1, ¶ 25. Since Fla. Stat. § 559.72(17) prohibits collection calls between 9:00 p.m. and 8:00 a.m., Plaintiff's

complaint satisfies Fla. Stat. § 559.72(17).  Thus, Defendant's Motion to Dismiss should be denied.

       E.      Fla. Stat. § 559.72(18)

      Defendant next argues that Plaintiff's complaint, "fail[s] to specifically allege when the Debtors informed Suncoast that counsel had been retained and when Debtors provided counsel contact information."  Doc. 5, ¶ 21.  Defendant ignores Plaintiff's that the Complaint alleges that Defendant called Debtors after Debtors retained counsel, Charles Stohlman, **in April 2010**, and after Debtors informed Defendant of retained counsel and provided counsel's contact information.  Doc. 1, ¶ 27.  Plaintiff's complaint therefore satisfies Fla. Stat. § 559.72(18).

## 2.    The TCPA Does Not Exempt Debt Collection Calls Made To Cell Phones

      Defendant argues that the TCPA exempts debt collection calls.  Doc. 5, ¶ 26.  That is not an accurate statement of the law, as both the FCC and the Middle District of Florida, as well as other federal courts, have held that the TCPA does *not* exempt debt collection calls when, as here, those calls were made to a cell phone.  Defendant cites *Meadows v. Franklin Collection Service, Inc.*, 414 Fed. Appx. 230 (11th Cir. 2011).  Defendant's argument ignores that the TCPA differentiates between calls made to cellular and residential lines. Plaintiff sued under § 227(b)(1)(A)(iii) of the TCPA, which provides in pertinent parts

      The TCPA distinguishes restrictions on calls to a residential telephone line. 47 U.S.C. § 227(b)(1)(B) of the TCPA provides in pertinent parts:

It shall be unlawful for any person within the United States –

(B) to initiate any telephone call to any *residential telephone* line using an artificial or prerecorded voice to deliver a message without prior express consent of the called party, unless the call is initiated for emergency purposed or is exempted by rule or order by the Commission under paragraph (2)(B); (emphasis added).

Indeed, debt collection calls are exempt from the TCPA's protections when made to a debtor's residence under § 227(b)(1)(B). In *Meadows*, the plaintiff alleged that a debt collector violated 47 U.S.C. § 227(b)(1)(B). However, the instant suit was brought under §227(b)(1)(A)(iii). The *Meadows* Court correctly recognized that the TCPA exempted debt collection calls to a debtor's *residence. Id.* However, unlike the plaintiff in *Meadows*, Plaintiff has alleged the collection calls were made to Mrs. Cardoso's cellular telephone and not her residence. Doc. 1, ¶ 25.

Moreover, the plain language of 47 U.S.C. § 227(b)(1)(A)(iii) explains that it is a violation to make any unauthorized call, using an automated telephone dialing system, to any telephone number assigned to a cellular telephone. The only possible defense relates to calls for emergency purposes or calls made with the prior express consent of the called party. *See* Federal Communication Commission, Declaratory Ruling of January 4, 2008 ("FCC 2008 Ruling"), 23 F.C.C.R. 559, 564-65 (2008) stated, "**We note that this prohibition applies regardless of the content of the call, and is not limited only to calls that constitute 'telephone solicitations.'**" 23 F.C.C.R. 559, 565 (emphasis added). *See Adamcik v. Credit Control Servs., Inc.,* 832 F. Supp.2d 744, 751-753 (W.D. Tex. Dec. 19, 2011) ("And the FCC has specifically reiterated (1) the TCPA's scope extends beyond telephone solicitations, and (2) while debt-collection calls are not subject to the TCPA's restriction on telemarketing, *they are subject to the prohibition on automatic dialer calls.*") (emphasis added). *See also* FCC's 2008 Ruling at 567 ("[W]e expect

debt collectors to be able to utilize the same methods and resources that telemarketers have found adequate to determine which numbers are assigned to wireless carriers, and to comply with the TCPA's prohibition on telephone calls using an autodialer or an artificial or prerecorded voice message to wireless numbers.").

In addition, the Middle District of Florida has ruled that the TCPA's exemption for debt collection calls to a debtor's residence does not apply to debt collection calls made to a debtor's cellular telephone. In *Kahn v. Portfolio Recovery Associates*, LLC, No. 8:10-cv-2399-T-26TGW, 2011 WL 223870, *2 (M.D. Fla., Jan. 24, 2011), the Court denied a debt collector's motion to dismiss a TCPA violation claim where the debt collector placed unauthorized debt collection calls to a debtors' cellular phone. In reaching that conclusion, the *Kahn* Court relied heavily on *Bates v. I.C. Sys., Inc.*, No. 09-CV-103A, 2009 WL 3459740 (W.D.N.Y. Oct. 19, 2009). In *Bates*, the Court followed the FCC's 2007 Ruling quoted above, noting the difference between the TCPA's restrictions on calls to a consumer's cellular telephone and residential telephone. The *Bates* court held that the exemption on debt collection calls to a residential line does not apply to the TCPA's restriction of calls to a cellular telephone line, which is governed by a different subsection. *Id.* at *1-2. *See also Stuart v. AR Resources, Inc.*, Civ. A. No. 10-3520, 2011 WL 904167, * 5 (E.D. Penn. March 16, 2011) (holding the exemption for debt collection calls applies only to residential telephone calls under subsection 227(b)(1)(B) and does not exempt violations of subsection 227(b)(1)(A)(iii)); *Breslow v. Wells Fargo Bank, N.A.*, 2012 WL 1448444, at *1 (S.D. Fla. Apr. 26, 2012).

Plaintiff has sufficiently stated a cause of action under the TCPA. Calls from debt collectors are not exempt under the provision of the TCPA Plaintiff cites as the basis for liability, which is 47 U.S.C. § 227(b)(1)(A)(iii), and applies to any calls made to a cell phone without prior express consent. Therefore, Defendant's Motion to Dismiss should be denied.

### 3. Prior Express Consent is an Affirmative Defense under the TCPA and may Be Orally Revoked

Defendant also argues the TCPA requires written revocations of prior express consent. Doc. 5, ¶ 28. Defendant's argument misstates the law because prior express consent is an affirmative defense that places the burden on the Defendant to establish that it obtained the necessary prior express consent from the Debtors to call the cell phone. At this point, Defendant's argument is not ripe as Defendant has not satisfied its burden to demonstrate it possessed Mrs. Cardoso's prior express consent. Such consent must be given on the loan application of the alleged debt. *See* FCC 2008 Ruling, 23 F.C.C.R. 559, 564-65 (2008) ("We emphasize that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, *and that such number was provided during the transaction that resulted in the debt owed.*") (emphasis added). Further, contrary to Defendant's assertions, even where such consent has been given, it may be revoked orally.

### A. Defendant has Burden to Establish Prior Express Consent Defense

The FCC's 2008 Ruling stated, "[W]e conclude that the creditor should be responsible for demonstrating that the consumer provided prior express consent . . . Should a question arise as to whether express consent was provided, the *burden* will be on the creditor to show it obtained the necessary prior express consent." 23 F.C.C.R. 559, 565 (emphasis added); *See also Moore v.*

*Firstsource Advantage, LLC*, No. 07-CV-770, 2011 WL 4345703, * 10 (W. D. N.Y., Sept. 15, 2011) (recognizing the creditor has the burden to establish that it obtained prior express consent from the debtor.) *see also Grant v. Capital Management Ser., L.P.*, No. 11-56200, 2011 WL 3874877, *2, n.1 (9th Cir. Sept. 2, 2011) (noting that prior express consent is not an element of the TCPA but rather is an affirmative defense for which the defendant bears the burden of proof). As an affirmative defense, Defendant has the evidentiary burden of proof to demonstrate it obtained and still had unrevoked prior express consent. At best, prior express consent issues are not ripe and are factual issues that are improper to resolve on a motion to dismiss.

      B.    <u>Prior Express Consent May Be Revoked Orally</u>

Contrary to Defendant's argument, prior express consent may be revoked orally, and the cases Defendant cites for its argument are factually inapposite. Doc. 5 ¶ 28. Defendant's proposition that a writing is required to revoke consent conflicts with the plain language of the TCPA, the FCC's 1992 Report and Order, *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 F.C.C.R 8752 (Oct. 16, 1992) ("1992 Report and Order"), and the FCC 2008 Ruling.

The TCPA does not contain any requirement that revocation of consent be in writing. Even though the TCPA does not expressly state prior express consent may be oral, the 1992 Report and Order and the FCC 2008 Ruling suggests that prior consent may be revoked orally because both state that a consumer's release of a phone number is consent to be called at that number "absent instructions to the contrary." 1992 Report and Order, 7 F.C.C.R. at 8769; FCC 2008 Ruling, 23 F.C.C.R. at 564. The FCC's logic is followed by the court in *Gutierrez v. Barclays Group*, No. 10-cv-1012 DMS (BGS), 2011 WL 579238, at *4 (S.D. Cal. Feb. 9, 2011), which recognizes that because prior express consent may be given orally, it may be revoked

orally, with the court holding that **"prior express consent may be revoked orally and need not be in writing."** 2011 WL 579238, at *4 (emphasis added). *See Rules and Regulations Federal Communication Commission*, 77 Fed. Reg. 3423301, 2012 WL 2062573, at *10 (June 11, 2012) (to be codified at 47 C.F.R. §64.1200) ("The Commission believes that the automated, interactive opt-out mechanism adopted will *empower consumers to revoke consent if they previously agreed to receive autodialed* or prerecorded telemarketing calls and stop receipt of unwanted autodialed or prerecorded telemarketing calls to which they never consented.") (Emphasis added).

Defendant argues that revocation of consent must be in writing. Defendant relies on *Starkey v. Firstsource Advantage, LLC.*, No. 07-CV662A(Sr), 2010 WL 2541756 (W.D.N.Y. Mar.11, 2010). However, *Starkey* did not address the issue of whether prior express consent may be orally revoked under the TCPA, but rather whether written notice was required to cease debt collection calls under the FDCPA. *See Gutierrez*, 2011 WL 579238, at *3 (explaining that *Starkey* was not interpreting revocation of consent under the TCPA, "Rather, *Starkey* addressed the separate question of whether written notice is required to cease debt collection calls, particularly under the Fair Debt Collection Practices Act.").

Further, *Starkey* did not notice the FCC's awareness of the overlap between the TCPA and FDCPA, "the *Starkey* court contravened the FCC's guidance on the TCPA's application to debtor collectors."[2] *Adamcik*, 832 F. Supp. 2d at 751. The court in *Adamcik*, noted the duty of a court to apply both the FDCPA and TCPA as both statutes are duly enacted federal laws, neither is subordinate to the other, and one applicable statute cannot be ignored in favor of another. 832 F. Supp. 2d at 752. "Therefore, in light of (1) the FCC's guidance, and (2) the Court's duty to

---

[2] Defendant also cites *Osorio v. State Farm Bank F.S.B.*, 2012 WL 1671780 (S.D. Fla. May 10, 2012). However, *Osorio* simply relies on the faulty reasoning of *Starkey*.

apply both statutory schemes, and (3) the plain meaning of the statutes, *the Court holds oral revocation of consent is legally effective under the TCPA*, even in the debt-collection context.". *Id.* at 753. (emphasis added).

Here, Mrs. Cardoso orally told Defendant to stop calling Debtor, and that she had retained counsel as well as provided counsel's contact information. Doc. 1, ¶ 35. Thus, Defendant's Motion to Dismiss also should be denied because prior express consent is a defense that is not ripe as Defendant has not satisfied its affirmative evidentiary burden. Even if, *arguendo*, Defendant can demonstrate that it had prior express consent, such consent was expressly revoked by Mrs. Cardoso.

### 4. Plaintiff's Claims for Punitive Damages Should Not Be Stricken under Binding Eleventh Circuit Case Law

Finally, Defendant argues that Fla. Stat. § 768.72 applies to claims filed in federal court and that Plaintiff has not provided any evidence to support her demand for punitive damages. Doc. 5, ¶ 29-31. Defendant would be correct if this matter were in state court. However, the law in the Eleventh Circuit and Middle District of Florida is that the Federal Rules of Civil Procedure regarding pleading is supreme to the Florida procedural statute.

Fla. Stat. § 768.72 states in part that "[i]n any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages." However, Federal Rule of Civil Procedure 8(a)(3) requires "a demand for the relief sought, which may include relief in the alternative or different types of relief," to satisfy the pleading requirements of that rule. Recognizing the conflict between those provisions, the Eleventh Circuit has held that the federal rules prevail over the Florida statute, and that only a demand for the relief is required. *See Cohen v. Office Depot, Inc.*, 184 F.3d 1292, 1295-99 (11th Cir. 1999) ("*Cohen I*")

(*rev'd* on other grounds *by Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir. 2000) ("*Cohen II*") (collectively with Cohen I, the "*Cohen Cases*"); *see also Smith v. GTE Corp.*, 236 F.3d 1292, 1300 n.1 (11th Cir. 2001) (recognizing that *Cohen I* holds that "Fla. Stat. § 768.72 did not apply to cases filed in federal court."); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1264 (11th Cir. 2000) ("[T]his Court held that § 768.72 was inapplicable to federal court proceedings . . . ."); *Porter v. Ogden, Newell & Welch*, 241 F.3d 1334, 1340-41 (11th Cir. 2001) ("This Court has held that the pleading rules set forth in Fed.R.Civ.P. 8(a)(3) preempt § 768.72's requirement that a plaintiff must obtain leave from the court before including a prayer for punitive damages.").

The Middle District of Florida routinely[3] upholds the principle of the *Cohen Cases*. Indeed, this Court has previously applied *Cohen* to reject the very argument that Defendant makes here. *See Pardo v. Fleetwood Motor Homes of PA, Inc.*, 2005 WL 3113215, at *2 (M.D. Fla. Nov. 20, 2005) (Covington, J.) ("Cohen established that a plaintiff in a diversity action who pleads punitive damages in federal court is under no obligation to show evidence in the record that would provide a basis for its demand."); *Hetrick v. Ideal Image Development Corp.*, 2009

---

[3] A search for Middle District of Florida decisions from the last two years reveals the following cases that support Plaintiff's position: *Pantages v. Cardinal Health 200, Inc.*, 5:08-cv-116-Oc-10GRJ, 2009 WL 1011048, at *2 (M.D. Fla. April 15, 2009) ("This question-i.e whether the requirement in § 768.72 that a party proffer evidence supporting punitive damages before proceeding-has been squarely addressed and rejected by the Eleventh Circuit."); *Hetrick v. Ideal Image Development Corp.*, No. 8:07-cv-871-T-33TBM, 2009 WL 33625, at *1 (M.D. Fla. Jan. 5, 2009) (citing Cohen II and holding that "Plaintiffs were not required to seek leave of court before asserting a claim for punitive damages against Defendant."); *Priority Healthcare Corp. v. Surajit Chaudhuri, M.D., P.A.*, No. 6:08-cv-425-Orl-KRS, 2008 WL 5428179, at *5 (M.D. Fla. Oct. 1, 2008) ("The United States Court of Appeals for the Eleventh Circuit has held that section 768.72 is a procedural statute that does not apply to proceedings in federal court."); *Gates v. U.S. Airways Group, Inc.*, No. 3:07-cv-899-J-32MCR, 2007 WL 3117729, at *1 (M.D. Fla. Oct. 22, 2007); *Monroe v. Citimortgage, Inc.*, 8:07-cv-0066-SCB-TGW, 2007 WL 2071284, at *4 (M.D. Fla. July 19, 2007); *Perez v. Saxon Mortgage Svcs, Inc.*, 8:06-cv-1239-T-24 TBM, 2007 WL 430723, at *1 (M.D. Fla. Feb. 5, 2007); *but see Hogan v. Provident Life & Acc. Ins. Co.*, No. 6:08-cv-1897-Orl-19KRS, 2009 WL 2169850 (M.D. Fla. July 20, 2009).

WL 33625 (M.D. Fla. Jan. 5, 2009) (Covington, J.) ("Plaintiffs were not required to seek leave of court before asserting a claim for punitive damages against Defendant.").[4]

While the Defendant's argument would have been correct if this matter were in a Florida state court, that position is incorrect before a federal court. Thus, Defendant's motion to strike Plaintiff's request for punitive damages should be denied.

## CONCLUSION

For the above reasons, Plaintiff respectfully requests this Court: (1) deny Defendant's Motion to Dismiss; (2) deny Defendant's motion to strike Plaintiff's request for punitive damages; and (3) grant such further and necessary relief as the Court deems necessary and proper.

Dated: September 10, 2012

Respectfully Submitted,

**LASH & WILCOX PL**
4401 W. Kennedy Blvd., Ste. 210
Tampa, Florida 33609
Phone: (813) 289-3200
Facsimile: (813) 289-3250
Counsel for Plaintiff

/s/ Gus M. Centrone
**THOMAS A. LASH, ESQ.**
Florida Bar No. 849944
e-mail: tlash@lashandwilcox.com
Attorney for the Trustee
**GUS M. CENTRONE, ESQ.**
Florida Bar No. 030151
email: gcentrone@lashandwilcox.com
Attorneys for Plaintiff

---

[4] Defendant cites only *In re Johnson*, 53 B.R. 433, 438 (Bankr. M.D. Fla. 2011) to support its position. However, *Johnson* is an isolated instance of deviation from the numerous cases in the Middle District of Florida that have ruled against Defendant's position. Further, *Johnson* misapplies the *Hanna* test applied in *Cohen* to arrive at a different result from that case.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 10, 2012, I presented a true and correct copy of the *Plaintiff V. John Brook, As Chapter 7 Trustee Of The Estate Of Robert D. Cardoso Jr. and Michelle A. Cardoso, Response to Defendant Suncoast Schools, FCU's, Motion to Dismiss, Motion to Strike, or in the Alternative Motion for More Definite Statement,* to the Clerk of the United States District Court for the Middle District of Florida, Tampa Division, for filing and uploading to the CM/ECF system. I further certify that on September 10, 2012, a true and correct copy was served to: Defendant, c/o Matthew G. Krause, Esq., Counsel for Defendant, Luks, Santaniello, Petrillo & Jones.,110 S.E. 6th St., 20th Floor, Fort Lauderdale, FL 33301, MKrause@LS-Law.com via e-mail.

/s/ Gus M. Centrone
Attorney