UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

V. JOHN BROOK as Chapter 7
Trustee of the estate of Robert
D. Cardoso Jr. and Michelle A.
Cardoso,

    Plaintiff,

v.                                    Case No. 8:12-cv-01428-T-33MAP

SUNCOAST SCHOOLS, FCU,

    Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant's Motion to Dismiss for Failure to State a Cause of Action Pursuant to Federal Rule of Civil Procedure 12(b)(6), Motion to Strike, or Alternatively, Motion for More Definite Statement (Doc. # 5), filed on August 17, 2012. Plaintiff filed a response to Defendant's motions on September 10, 2012. (Doc. # 9). For the reasons stated below, the Court denies Defendant's motions.

**I.**    **Background**

Plaintiff-debtors Robert and Michelle Cardoso allegedly owe Defendant, Suncoast Schools Federal Credit Union, a debt amounting to $18,800.00. (Doc. # 1 at ¶ 10). The Cardosos allege that Suncoast "made multiple collection calls each day

1

on multiple days in multiple weeks over multiple months from January 1, 2010 through April 30, 2010" in an attempt to collect the debt.  Id. at ¶ 12.

More specifically, the Cardosos claim that: (1) Suncoast made collection calls "after 9:00 p.m. and before 8:00 a.m." Id. at ¶ 13(a); (2) Suncoast called Michelle Cardoso's cell phone "each day, five days each week, attempting to collect the alleged debt," Id. at ¶ 14(a); (3) Suncoast "made two collection calls to [the Cardosos'] home phone each day, five days each week, attempting to collect the alleged debt," Id. at ¶ 14(b); (4) Suncoast continued to make these collection calls even after the Cardosos explained to Suncoast: (i) that the Cardosos wanted Suncoast to stop calling about the debt, (ii) that the Cardosos could not pay the alleged debt, and (iii) that the Cardosos had retained counsel and provided Suncoast with counsel's contact information, Id. at ¶¶ 14(c), 14(d), 14(f); and (5) Suncoast made collection calls to Robert Cardoso's mother, Id. at ¶ 14(g).  The Cardosos claim that Suncoast "uses an automatic telephone dialing system . . . to communicate with [the Cardosos]." Id. at ¶ 33.

Consequently, the Cardosos, through V. John Brook, Chapter 7 Trustee, initiated this action claiming violations of (1) the Florida Consumer Collections Practices Act (FCCPA),

2

Fla. Stat. § 559.55 et seq., and (2) the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 et seq.

Suncoast subsequently filed a "Motion to Dismiss for Failure to State a Cause of Action Pursuant to Federal Rule of Civil Procedure 12(b)(6), Motion to Strike, or Alternatively, Motion for More Definite Statement" (Doc. # 5), which the Court will address as three independent motions.

## II. Motion to Dismiss

### A. Legal Standard

In reviewing a motion to dismiss, a trial court accepts as true all factual allegations in the complaint and construes the facts in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). However, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

In Bell Atlantic Corp. v. Twombly, the Supreme Court articulated the standard by which claims should be evaluated on a motion to dismiss:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to

3

>   raise a right to relief above the speculative level.

550 U.S. 544, 555 (2007) (internal citations omitted).

In accordance with <u>Twombly</u>, Federal Rule of Civil Procedure 8(a) calls "for sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 663 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570). A plausible claim for relief must include "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u>

### B. <u>Analysis</u>

#### 1. <u>FCCPA</u>

"[T]he FCCPA, Florida's consumer protection statute, was enacted as a means of regulating the activities of consumer collection agencies within the state." <u>LeBlanc v. Unifund CCR Partners</u>, 601 F.3d 1185, 1190 (11th Cir. 2010) (internal quotation and citation omitted). "When viewed in its entirety, the purpose and intent of the Florida Consumer Collection Practices Act . . . is to eliminate abusive and harassing tactics in the collection of debts." <u>Brandt v. I.C. System, Inc.</u>, No. 8:09-cv-126-T-26MAP, 2010 WL 582051, at *2 (M.D. Fla. Feb. 19, 2010). "Section 559.72, entitled

4

'Prohibited practices generally,' lists [nineteen] debt collection actions that violate the FCCPA." <u>Kaplan v. Assetcare, Inc.</u>, 88 F. Supp. 2d 1355, 1362 (S.D. Fla. 2000).

In this case, the Cardosos claim that Suncoast has violated sections 559.72(7), 559.72(9), 559.72(17), and 559.72(18) of the FCCPA. That statute provides, in relevant part:

> In collecting consumer debts, no person shall . . .
>
> (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family . . .
>
> (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist . . .
>
> (17) Communicate with the debtor between the hours of 9 p.m. and 8 a.m. in the debtor's time zone without the prior consent of the debtor . . .
>
> (18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

To establish liability under section 559.72(7), Florida

Statutes, a plaintiff must show that the debt collector "willfully engaged in conduct that harassed the consumer." Locke v. Wells Fargo Home Mortg., No. 10-60286-CIV, 2010 WL 4941456, at *2 (S.D. Fla. Nov. 30, 2010). "The purpose as well as frequency of calls are relevant in determining whether a creditor or collection agency has harassed a debtor." Borneisen v. Capital One Fin. Corp., No. 8:09-cv-2539-T-17TGW, 2011 WL 2730972, at *13 (M.D. Fla. July 13, 2011). The Cardosos' Complaint contains sufficient factual allegations to satisfy both the purpose and frequency requirements of their section 559.72(7) claim; the Cardosos not only allege that Suncoast made each call for the purpose of "attempting to collect the alleged debt," but also specify that they received multiple calls each day, five days per week, for four months, at more than one phone number. (Doc. # 1 at 4).

The Cardosos have likewise alleged sufficient facts to state a claim under sections 559.72(17) and 559.72(18); the Complaint contains allegations (1) that Suncoast made collection calls to the Cardosos "as early as 7:30 a.m. and as late as 10:00 p.m." (Doc. # 1 at ¶ 25), and (2) that Suncoast continued to make collection calls after the Cardosos "retained counsel . . . in April 2010, informed [Suncoast] of retained counsel, and provided counsel's contact information"

6

(Doc. # 1 at ¶ 27). Although Suncoast maintains that these factual allegations lack sufficient specificity to survive a motion to dismiss, the Court finds that the Cardosos have alleged the minimum facts required to state a claim pursuant to these statutory provisions.

With regard to section 559.72(9), the Cardosos explain that the legal right asserted by Suncoast was its "attempt to collect the alleged debt by unfair and deceptive practices" (Doc. # 1 at ¶ 23), in violation of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. § 501.201, et seq., as well as the TCPA. (Doc. # 9 at 5). As the Cardosos correctly indicate in their response to Suncoast's motion to dismiss, "[w]ith respect to determining what constitutes a misrepresentation of a legal right under section 559.72(9), the court must refer to other statutes that . . . define legal rights." (Doc. # 9 at 6) (quoting Gaalswyk-Knetzke v. Receivable Mgmt. Svcs. Corp., No. 8:08-cv-493-T-26TGW, 2008 WL 2224833, at *3 (M.D. Fla. May 27, 2008)). Because FDUTPA does prohibit "unfair or deceptive acts or practices in the conduct of any trade or commerce," and because the Cardosos allege that Suncoast "asserted" such a right by attempting to collect the alleged debt by unfair trade practices, the Court finds that, for the limited purpose of surviving the motion to

7

dismiss, the Cardosos have stated a claim under section 559.72(9).

Accordingly, the Court finds the facts alleged to be sufficient to state a claim under the FCCPA, and Suncoast's motion to dismiss is denied as to Count I.

### 2. **TCPA**

The TCPA provides, in relevant part:

> It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service . . . or any service for which the called party is charged for the call.

47 U.S.C. § 227(b)(1)(A)(iii). In accordance with this apparent prohibition of autodialed calls to cellular telephones, the Cardosos argue that Suncoast has violated the TCPA by allegedly using an automatic telephone dialing system to make "multiple collection calls each day on multiple days in multiple weeks from January 1, 2010 through April 30, 2010." (Doc. # 1 at ¶¶ 33, 35).

Relying on a 2008 Declaratory Ruling of the Federal Communications Commission (FCC), Suncoast argues that the Cardosos cannot state a claim under the TCPA because Suncoast's calls were made with the prior consent of the

8

Cardosos. In the relevant Declaratory Ruling, the FCC explained that:

> Although the TCPA generally prohibits autodialed calls to wireless phones, it also provides an exception for autodialed and prerecorded message calls . . . made with prior express consent of the called party. Because we find that autodialed and prerecorded message calls to wireless numbers provided by the called party in connection with an existing debt are made with the "prior express consent" of the called party, we clarify that such calls are permissible. We conclude that the provision of a cell phone number to a creditor, e.g., as part of a credit application, reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt.

<u>In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991</u>, 23 F.C.C.R. 559, 564 (2008). Suncoast further argues that, although the Cardosos have alleged that Suncoast "made multiple collection calls to [the Cardosos'] personal cell phone utilizing an automatic telephone dialing system after [the Cardosos] told [Suncoast that it] did not have permission to call [the Cardosos]" (Doc. # 1 at ¶ 36), this allegation is insufficient to state a claim under the TCPA because "revocation of a debtor's consent to be contacted on a cellular number under TCPA must be made in writing and delivered to the creditor." (Doc. # 5 at 11) (citing <u>Osorio v. State Farm Bank, F.S.B.</u>, 859 F. Supp. 2d 1326, 1331 (S.D. Fla. 2012)).

The Court acknowledges Suncoast's argument that a verbal revocation would be insufficient to revoke "prior express consent" under the TCPA. However, at this juncture, this argument is inconsequential--especially considering that the Complaint does not expressly state the method by which the Cardosos "told" Suncoast that it lacked permission to call them. The Court must construe the facts alleged in the Complaint in the light most favorable to the Cardosos. Accordingly, because the Cardosos have alleged simply that Suncoast continued to make these collection calls after the Cardosos told Suncoast that it lacked permission to make any further calls (Doc. # 1 at ¶ 36), thus implying that Suncoast made the calls without the express consent of the called parties, the Cardosos have sufficiently alleged a violation of the TCPA, and the Court denies Suncoast's motion to dismiss as to Count II.

### III. **Motion to Strike**

Suncoast requests that "the Plaintiff's Complaint for punitive damages in Count I be stricken as the claim for punitive damages under Florida Statute § 559.72(2) is premature." (Doc. # 5 at 12).

Suncoast cites to section 768.72, Florida Statutes, to support this claim. Section 768.72, entitled "Pleading in

10

civil actions; claim for punitive damages," provides in relevant part:

> In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages.

Fla. Stat. § 768.72.

The Court finds Suncoast's argument unpersuasive. The Eleventh Circuit made clear in Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000), that "Florida Statute § 768.72 conflicts with and must yield to the 'short and plain statement' rule contained in Federal Rule of Civil Procedure 8(a)." Id. at 1072. Cohen established that a plaintiff in a diversity action who pleads punitive damages in federal court is under no obligation to show evidence in the record that would provide a basis for its demand. In federal court, a plaintiff must only comply with Rule 8(a)(3), which merely requires that the pleading set forth "a demand for the relief sought." Fed. R. Civ. P. 8(a)(3). Although this Court's jurisdiction over the state law claims in the instant case is supplemental under 28 U.S.C. § 1367 rather than original diversity jurisdiction under 28 U.S.C. § 1332, the Court determines that the same reasoning should apply here.

The Cardosos' Complaint complies with Rule 8(a)(3).

11

Since the Cardosos have complied with the requirements for pleading punitive damages in federal court, the motion to strike the Complaint's references to punitive damages is denied.

## IV. Motion for More Definite Statement

### A. Legal Standard

Federal Rule of Civil Procedure 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Where a complaint fails to sufficiently specify the allegations, the defendant's remedy is to move for a more definite statement under Federal Rule 12(e): "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion . . . must point out the defects complained of and the details desired."

### B. Analysis

From the Court's review of the Complaint, it is apparent that the Cardosos have accused Suncoast of making collection calls, relating to a specific debt, during a specific time period: January 1, 2010, through April 30, 2010. (Doc. # 1 at 3). The Court finds that the Complaint satisfies the Cardosos' meager pleading burden under Rule 8(a). "A pleading

that satisfies the notice pleading standards of Rule 8 is therefore sufficient to withstand a Rule 12(e) motion." <u>Palma Vista Condo. Assoc. of Hillsborough Co., Inc. v. Nationwide Mut. Fire Ins. Co.</u>, No. 8:09-cv-155-T-27EAJ, 2010 WL 2293265 at *1 (M.D. Fla. June 7, 2010).

In support of its motion for a more definite statement, Suncoast recognizes that such a motion must "point out the defects complained of and the details desired" (Doc. # 5 at 13) (quoting <u>Davis v. Coca-Cola Bottling Co. Consol.</u>, 516 F.3d 955, 983 n.70 (11th Cir. 2008)), yet Suncoast neglects to mention the Complaint's defects or any desired details. Suncoast merely states that, "due to Plaintiff's vague allegations and sparse detailed facts, this Court should require additional information and clarifications so that Suncoast can respond to Plaintiff's Complaint." (Doc. # 5 at 13). The Court declines to grant Suncoast's imprecise request.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant's Motion to Dismiss for Failure to State a Cause of Action Pursuant to Federal Rule of Civil Procedure 12(b)(6), Motion to Strike, or Alternatively, Motion for More Definite Statement (Doc. # 5) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>6th</u> day of December, 2012.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All counsel of record